IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LINDA J. BOYD, )<br>    Plaintiff, )<br>v. )<br>)<br>DALLAS INDEPENDENT SCHOOL )<br>DISTRICT, )<br>    Defendant. ) | No. 3:08-CV-0426-M (BF) |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this case to the United States Magistrate Judge for Pretrial Management. Dallas Independent School District ("Defendant") filed a Motion for Judgment on the Pleadings ("Motion"), contending in part that Plaintiff's Complaint and Amended Complaint were not in compliance with FED. R. CIV. P. 8(a). The Court took Defendant's Motion under advisement and ordered Plaintiff to file a Second Amended Complaint, setting forth all of her claims as required by FED. R. CIV. P. 8(a). Plaintiff timely filed her Second Amended Complaint. Defendant's Motion for Judgment on the Pleadings is now before the Court for consideration.

### FINDINGS AND CONCLUSIONS

#### Standard of Review

The standard of review for a Rule 12(c) motion is the same as for a Rule 12(b)(6) motion to dismiss. *Guidry v. Am. Pub. Life Ins. Co.,* 512 F.3d 177, 180 (5th Cir. 2007). A motion to dismiss under Rule 12(c) is disfavored and rarely granted. *See Sosa v. Coleman,* 646 F.2d 991, 993 (5th Cir. 1981). In deciding a Rule 12(c) motion, a court cannot look beyond the face of the pleadings. *See Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996); *Spivey v. Robertson,* 197 F.3d 772, 774 (5th Cir. 1999). Complaints filed by pro se litigants are held to less stringent standards than formal pleadings drafted by lawyers. *Miller v. Stanmore,* 636 F.2d 986, 988 (5th Cir.1981). However, whether a

plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific facts, not mere conclusory allegations, to avoid dismissal. *Guidry*, 954 F.2d at 181. In ruling on a Rule 12(c) motion, the court is confined to the pleadings and must accept all allegations in the pleadings as true. *St. Paul Ins. Co. v. AFIA Worldwide Ins. Co.,* 937 F.2d 274, 279 (5th Cir. 1991). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.' " *Bell Atl. Corp. v. Twombly,* ---U.S. ----, ----, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007) (citation omitted). The issue before the court is whether, taken in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001). Pleadings should be construed liberally, and judgment on the pleadings is appropriate only if there are no disputed issues of fact and only questions of law remain. *Voest-Alpine Trading USA Corp. v. Bank of China,* 142 F.3d 887, 891 (5th Cir. 1998). "[A] complaint in an employment discrimination lawsuit [need] not contain specific facts establishing a prima facie case of discrimination under the framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002). Rather, an employment discrimination plaintiff need only give the defendant "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest." *Id.* at 514.

Since Plaintiff in this case is proceeding *pro se*, the Court must construe the allegations in the complaint liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam); *Sec. & Exch. Comm'n v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (per curiam). The Court has an obligation to construe *pro se* plaintiffs' briefs more permissively and to make more allowances. *AMX, Int'l, Inc.*, 7 F.3d at 75. "[P]ro se litigant[s] [are] subject to less stringent standards than [those] represented by counsel." *Id.* (citing *Hughes v. Rowe*, 449 U.S. at 9).

## Analysis

In *Ollie v. Plano Independent School District*, 564 F. Supp.2d 658 (E.D. Tex. 2008), a teacher claimed that the school district removed her "from her higher level of teaching assignment;" struck her "leadership stipend without verbal or written notice;" and took efforts to undermine her teaching in order to force her into early retirement. *Ollie*, 564 F. Supp.2d at 659-60. The court concluded that Ollie's complaint gave the school district the type of "fair notice" required by *Swierkiewicz*, 534 U.S. at 514. *Id.* at 662.

Construing Plaintiff's Second Amended Complaint liberally, Plaintiff, a former employee of Defendant, claims, *inter alia*, that Defendant subjected her to discrimination, harassment, retaliation, and unequal treatment; put her under an unlawful Intervention Plan for months; assigned her to job duties that were impossible to fulfill; and unfairly gave her bad evaluations. (Sec. Am. Compl.) She seeks reinstatement to her previous professional position for the duration of her career. (*Id.*) Plaintiff also seeks an end to harassment and retaliation. (*Id.*) She seeks reinstatement of full medical coverage from worker's compensation and a public apology in a local newspaper. (*Id.*)

Given the employment relationship that existed between Plaintiff and Defendant, the Second Amended Complaint gives sufficient detail "to raise [her] right to relief above the speculative level" and into the realm of plausibility. *Bell Atlantic*, 127 S. Ct. at 1965. Plaintiff's Second Amended Complaint gives Defendant notice of the circumstances allegedly giving rise to Plaintiff's claims of employment discrimination and retaliation. Defendant, as her former employer, is privy to the details such as her race, her gender, the dates of her employment, her titles, positions, transfers, supervisors, and terminations. The Court is unable to conclude that Defendant is entitled to judgment as a matter of law based upon pro se Plaintiff's pleadings.

## **RECOMMENDATION**

Defendant's Motion for Judgment on the Pleadings (doc. 23) should be DENIED. Defendant should have thirty days to file a Second Amended Answer.

So Ordered, October 28, 2008.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).